## FINAL JURY INSTRUCTIONS

Members of the jury, the instructions I gave you at the beginning of the trial
and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier,
as well as those I give you now. You must not single out some instructions and
ignore others, because <u>all</u> are important.

## Instruction No. 1

Members of the jury:

Now that you have heard all of the evidence in the case, it becomes my duty to instruct you on the rules of law that you must follow and apply in arriving at your decision. You will follow and apply these rules of law after you have heard the final arguments of the lawyers for the parties.

It is your duty as jurors to follow the law as stated in my instructions and to apply the rules of law, so given, to the facts as you find them from the evidence in this case, and solely the evidence presented to you.

Counsel may quite properly refer to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by me in these instructions, you are governed by the instructions I am about to give you. You must follow all of the rules as I explain them to you. You may not follow some and ignore others.

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions; just as it would be a violation of

your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case. You must not base your verdict on prejudice, sympathy, guesswork or speculation, but on the evidence and on the rules of law I have given you.

Justice through trial by jury must always depend on the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors and to arrive at a verdict by applying the same rules of law, as given in the instructions of the Court.

## Instruction No. 2

There are three important rules that you must always keep in mind in a criminal case. These are: (1) a defendant is presumed innocent; (2) the government has the burden of proof to establish the defendant's guilt; and (3) the government has the burden to establish guilt beyond a reasonable doubt. An indictment is merely the formal way of accusing a person of a crime to bring that person to trial. You must not consider the superseding indictment as evidence of any kind -- you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it. The defendant in this criminal case is presumed to be innocent. The defendant begins the trial with a clean slate, with no evidence against him. The presumption of innocence remains with the defendant throughout the trial unless and until he is proven guilty beyond a reasonable doubt. The presumption of innocence alone is sufficient to find the defendant not guilty unless all of you are satisfied beyond a reasonable doubt of the defendant's guilt from all the evidence admitted in the case.

The presumption of innocence also means that the defendant has no burden or obligation to present any evidence at all or to prove that he is not guilty. As I have said many times, the government has the burden of proving the defendant's guilt beyond a reasonable doubt. Some of you may have served as jurors in civil cases where you were told that it was only necessary to prove that a fact is more

likely true than not.  In criminal cases the government's proof must be more

powerful than that; it must be beyond a reasonable doubt.

**Instruction No. 3**

The burden is on the government to prove the defendant guilty beyond a reasonable doubt. This burden of proof never shifts throughout the trial. The law does not require a defendant to prove his innocence, call any witnesses, or produce any evidence. While the government's burden of proof is a strict and heavy burden, it is not necessary that it be proved beyond all possible doubt, only a reasonable doubt.

If you find that the government has proven beyond a reasonable doubt every element of the offense for which the defendant is charged, it is your duty to find him guilty of that offense. However, if you find the government has failed to prove any single element of the offense beyond a reasonable doubt, you must find the defendant not guilty of the offense.

So, if the jury, after careful and impartial consideration of all the evidence in the case, if you have a reasonable doubt that the defendant is guilty of a charge, you must acquit on that charge.

## Instruction No. 4

The government is required to prove a defendant guilty beyond a reasonable

doubt, but it is not required to present all possible evidence related to the case or to

produce all possible witnesses who might have some knowledge about the facts of

the case. In addition, as I have explained, a defendant is not required to present any

evidence or produce any witnesses.

## Instruction No. 5

You are here to decide whether the government has proved beyond a

reasonable doubt that the defendant is guilty of the crimes charged. The defendant

is not on trial for any act, conduct, or offense not alleged in the superseding

indictment. Neither are you concerned with the guilt of any other person or

persons not on trial in this case.

## Instruction No. 6

If a defendant elects to take the witness stand and testify in his own defense, as the defendant has done in this case, then he becomes as any other witness, and you must determine his credibility and give his testimony such credence and belief as you may think it deserves. You should judge and determine the defendant's believability as you would any other witness in this case.



## Instruction No. 7

I instruct you that if you find the defendant guilty of the crimes charged, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

## Instruction No. 8

The evidence in this case consists of:

      a.  the sworn testimony of the witnesses;

      b.  the exhibits I received into evidence; and

      c.  all facts to which the parties may have agreed or stipulated.

Stipulations are an agreement between the parties that particular facts are true. There were two stipulations in this case. Wherever the attorneys on both sides of the case have stipulated, or agreed, as to the existence of a fact, you must accept the stipulation as evidence and regard that fact as proved.

Certain things are not evidence.

Anything you may have heard about this case from outside the courtroom is not evidence in this case. Do not let rumors, suspicions, or anything else you may have seen or heard outside of court influence your verdict.

Questions, statements, and arguments of attorneys in this case are not evidence unless they are made as an admission or as a stipulation of fact.

You must not consider any matter that was rejected or stricken by the Court. It is not evidence and should be disregarded.

## Instruction No. 9

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. Circumstantial evidence is evidence of facts and circumstances from which one may infer connected facts which reasonably follow in the common experience of mankind. Circumstantial evidence is evidence which tends to prove a disputed fact by proof of another fact or other facts which have a logical tendency to lead the mind to the conclusion that the disputed fact has been established.

The law makes no distinction between direct and circumstantial evidence, but simply requires that the government present evidence—either direct or circumstantial—that proves its case against a defendant beyond a reasonable doubt. Therefore, circumstantial evidence is to be treated no differently than direct evidence and may or may not be sufficient to support a verdict of guilty.

## Instruction No. 10

While you should consider only the evidence in this case, you are permitted

to draw such reasonable inferences from the testimony and exhibits as you feel are

justified in light of common experience. You may make deductions and reach

conclusions that reason and common sense lead you to draw from the facts that

have been established by the testimony and evidence in the case.

## Instruction No. 11

The evidence in the case before you has consisted in part of testimony from witnesses. You may believe all of what any witness said, or only part of it, or none of it. You are the sole judges of the credibility of the witnesses and the weight of the evidence.

You are not bound to decide any issue of fact in accordance with the testimony of witnesses which does not produce in your minds belief in the likelihood of truth. The test is not which side brings the greater number of witnesses or presents the greater quantity of evidence; but which witnesses, and which evidence, you believe are the most accurate, and otherwise trustworthy. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if, after considering all the other evidence, you believe that single witness.

In considering the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. On the contrary, you are permitted to draw from the facts which you find to have been proven such reasonable inferences as may seem justified in the light of your own experience.

In determining the credibility of any given witness, you should carefully scrutinize all the testimony given, the circumstances under which each witness

testified, and every matter in evidence which tends to show whether a witness is
worthy of belief. You may consider the intelligence, motive, state of mind,
demeanor, and manner while on the stand of each witness. You may consider the
witness's ability to observe the matters as to which he or she has testified and
whether the witness impresses you as having an accurate recollection of these
matters. You may also consider his or her interest in the outcome of the case, and
any bias or prejudice, and the extent to which, if any at all, each witness is either
supported or contradicted by other evidence in the case. In evaluating credibility,
you may call upon your own experience and background in your every day affairs
in determining the reliability or unreliability of statements made by others.

In considering the testimony of witnesses, you should ask yourself whether
there was evidence tending to prove that the witness testified falsely concerning
some important fact; or whether there was evidence that at some other time the
witness said or did something, or failed to say or do something, which was
different from the testimony the witness gave during the trial.

You should keep in mind, of course, that a simple mistake by a witness does
not necessarily mean that the witness was not telling the truth as the witness
remembers it, because people naturally tend to forget some things or remember
other things inaccurately. So, if a witness has made a misstatement, you need to
consider whether that misstatement was simply an innocent lapse of memory or an

intentional falsehood; and the significance of that may depend on whether it has to

do with an important factor or with only an unimportant detail.

## Instruction No. 12

You have heard evidence that several witnesses were previously convicted

of one or more crimes. You may use that evidence only to help you decide

whether to believe the witnesses and how much weight to give their testimony.

## Instruction No. 13

You have heard testimony from witnesses who have pled guilty to one or

more crimes which arose out of the same events for which the defendant is on trial

today. You must not consider their guilty pleas as evidence of the defendant's

guilt. You may consider these witnesses' guilty pleas only for the purpose of

determining how much, if at all, to rely upon these witnesses' testimony.

## Instruction No. 14

The government has presented testimony from one or more witnesses who have entered into a plea agreement with the government, received immunity, or testified in the hopes of receiving leniency in their own cases or for some other benefit from the government. The testimony of such a witness must be considered by you and weighed with greater care and caution, more so than the testimony of an ordinary witness.

You should not concern yourself with why the government made such an agreement with the witness. Your concern is whether the witness has given truthful testimony.

In evaluating the testimony of these witnesses, you should consider whether, or the extent to which, their testimony may have been influenced by the plea agreement, immunity, desire for leniency or any other benefits received from the government in connection with this case.

Under the law, the government may request leniency in a case based upon a criminal defendant's substantial assistance in the prosecution of another person. The ultimate sentence imposed, however, is up to the judge, and not to the government.

## Instruction No. 15

The Government has presented exhibits in the form of charts and summaries.

I decided to admit these charts and summaries in place of the underlying

documents that they represent in order to save time and avoid unnecessary

inconvenience. You should consider these charts and summaries as you would any

other evidence.

## Instruction No. 16

The Parties have presented exhibits in the form of demonstrative aids. These demonstrative aids were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based and are not themselves independent evidence. Therefore, you are to give no greater consideration to these demonstrative aids than you would give to the evidence upon which they are based.

It is for you to decide whether the demonstrative aids correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the demonstrative aids if you find that they are of assistance to you in analyzing and understanding the evidence.

## Instruction No. 17

You may consider, as evidence of consciousness of guilt, a specific statement made by the defendant denying guilt or involvement, if you find that the statement was not true. When a defendant voluntarily and intentionally offers an explanation and makes some statement or engages in a course of conduct tending to show he is not guilty and the statement is later shown to be false or the course of conduct fraudulent, the jury may consider whether this circumstantial evidence points to a consciousness of guilt. Whether or not evidence as to a defendant's voluntary explanation or statement or course of conduct points to a consciousness of guilt and the significance to be attached to any such evidence are matters exclusively within the province of the jury.

## Instruction No. 18

You have also heard the testimony of law enforcement officers. The fact that a witness is employed as a law enforcement officer does not mean that his or her testimony necessarily deserves more or less consideration or greater or lesser weight than that of any other witness.

At the same time, it is quite legitimate for defense counsel to try to attack the believability of a law enforcement witness on the ground that his testimony may be colored by a personal or professional interest in the outcome of the case.

Just as with any witness, you must decide, after reviewing all the evidence, whether you believe the testimony of any law enforcement witness and how much weight, if any, it deserves.

## Instruction No. 19

You have heard testimony from undercover agents and informants who were involved in the government's investigation in this case. Law enforcement officials may lawfully engage in stealth and deception, such as the use of informants and undercover agents, to investigate criminal activities. Undercover agents and informants may use false names and appearances and assume the roles of members in criminal organizations.

Whether or not you approve of the use of an undercover agent or informant to detect unlawful activities is not to enter into your deliberations in any way.

Given
1875
12/18/2024

## Instruction No. 20

The government has offered evidence in the form of tape recordings of conversations with the defendant. These recordings were made without the knowledge of the defendant, but with the consent and agreement of one of the other parties to the conversations.

The use of this procedure to gather evidence is perfectly lawful, and the government is entitled to use the tape recordings in this case.

## Instruction No. 21

The transcripts for audio and video recordings were displayed for the limited

purpose of aiding you in following the content of the conversation as you listened

to the recording and also to aid you in identifying the speakers.

You are instructed that whether the transcripts correctly or incorrectly

reflected the content of the conversation or the identity of the speakers is entirely

for you to determine.

### Instruction No. 22

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

## Instruction No. 23

To sustain its burden of proof, it is not necessary for the government to prove that the defendant personally did every act constituting the offense charged.

As a general rule, whatever any person is legally capable of doing himself, he can do through another acting as his agent.

So, if you find that the acts or conduct of another were deliberately ordered or directed by the defendant or deliberately authorized or consented to by  the defendant, then the law holds that defendant responsible for such acts or conduct just the same as if personally done by him.

## Instruction No. 24

At times during the trial, the lawyers objected to questions or to answers by witnesses. This simply means that the lawyers were requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections, or from my rulings on the objections. These are only related to the legal questions I had to determine and should not influence your thinking. When I sustained an objection to a question, the witness was not allowed to answer it. Do not attempt to guess what answer might have been given had I allowed the question to be answered. Similarly, when I told you not to consider a particular statement, you were told to put that statement out of your mind, and you may not refer to that statement in your deliberations.

## Instruction No. 25

There is nothing different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

## Instruction No. 26

The decision you reach in the jury room, whether guilty or not guilty, must

be unanimous. You must all agree. Your deliberations will be secret. You will

never have to explain your verdict to anyone.

## Instruction No. 27

The Superseding Indictment charges that the offenses were committed "on

or about" certain dates, or in or about certain months. The government does not have

to prove that a crime was committed on an exact date, so long as the government

proves beyond a reasonable doubt that the defendant committed the crimes on dates

reasonably near the dates stated in the Superseding Indictment.

## Instruction No. 28

A separate crime is charged in each count of the Superseding Indictment.

Each charge, and the evidence pertaining to it, should be considered separately by

the jury. The fact that you may find the defendant guilty or not guilty as to one of

the counts should not control your verdict as to any other count.

## Instruction No. 29

The defendant, Scott Howard Jenkins, is charged with crimes about which I will instruct you shortly. Each charge is called a "Count." I will refer to each count by the number assigned to it in the Superseding Indictment.

You will not be furnished with the Superseding Indictment itself, because an indictment is merely a statement of charges and not, itself, evidence.

The Superseding Indictment charges Scott Howard Jenkins with 12 counts.

- o Count One charges the defendant with Conspiracy in violation of 18 U.S.C. § 371.

- o Counts Two through Five charge the defendant with Honest Services Mail and Wire Fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1346.

- o Counts Six through Twelve charge the defendant with Bribery Concerning Programs Receiving Federal Funds in violation of 18 U.S.C. § 666(a)(1)(B).

Defendant Scott Howard Jenkins has pled "not guilty" to each of these charges and, therefore, denies that he is guilty of the charges in the Superseding Indictment.

**Instruction No. 30**

Count One charges that beginning no later than in or around April 2019 and

continuing until in or around January 2023, in the Western District of Virginia and

elsewhere, the defendant, Scott Howard Jenkins, along with Rick Rahim, Fredric

Gumbinner, James Metcalf, Kevin Rychlik, Thomas Cooper, Philip Howell, and

others known and unknown, did knowingly and unlawfully combine, conspire,

confederate, and agree together and with each other, to commit the following

offenses against the United States:

        a.     for Jenkins, being an agent of Culpeper County and the

Culpeper County Sheriff's Office, to corruptly solicit, demand, accept, or agree to

accept for his own benefit, things of value from Rick Rahim, Fredric Gumbinner,

James Metcalf, Kevin Rychlik, Thomas Cooper, and Philip Howell, intending to be

influenced or rewarded in connection with any business, transaction, or series of

transactions of Culpeper County or the Culpeper County Sheriff's Office,

involving anything of value of $5,000 or more, that is, as to Rick Rahim, Fredric

Gumbinner, James Metcalf, Kevin Rychlik, Thomas Cooper, and Philip Howell,

appointments as Auxiliary Deputy Sheriffs and, additionally, as to Rick Rahim, a

petition to restore Rick Rahim's firearms rights, in violation of Title 18, United

States Code, Section 666(a)(1)(B);

        b.     for Scott Jenkins, Rick Rahim, Fredric Gumbinner, James

Metcalf, Kevin Rychlik, Thomas Cooper, and Philip Howell, to devise or intend to

devise a scheme or artifice to defraud or deprive Culpeper County, the Culpeper

County Sheriff's Office, and the citizens of Culpeper County of their intangible

right to the honest services of Jenkins, through bribery, and for the purpose of

executing such scheme, to knowingly use the mail, or to cause wire

communications to be transmitted in interstate commerce, in violation of Title 18,

United States Code, Sections 1341, 1343, and 1346.

**Instruction No. 31**

To sustain its burden of proof for the crime of conspiracy to commit bribery concerning programs receiving federal funds and honest-services mail and wire fraud as charged in Count One, the government must prove the following four elements beyond a reasonable doubt:

*First*, that the conspiracy, agreement, or understanding to commit bribery concerning programs receiving federal funds or honest-services mail or wire fraud, as described in the Superseding Indictment, was formed, reached, or entered into by two or more persons;

*Second*, that at some time during the existence or life of the conspiracy, agreement, or understanding, the defendant knew the purposes of the agreement;

*Third*, that with knowledge of the purposes of the conspiracy, agreement, or understanding, the defendant deliberately joined the conspiracy, agreement, or understanding; and

*Fourth*, that at some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed an overt act and did so in order to further or advance the purposes of the agreement.

I will instruct you on the elements of bribery concerning programs receiving federal funds and honest-services mail and wire fraud shortly. You should consider these elements in determining whether the defendant knowingly and

intentionally conspired to participate in one or more of those offenses.

Participating in a conspiracy to commit a crime is a separate and distinct charge

from the underlying substantive offense. The crime of conspiracy is the agreement

to do something unlawful; it does not matter whether the crime agreed upon was

committed.

## Instruction No. 32

The first element of the crime of conspiracy is the existence of a conspiracy

which is an agreement between two or more persons to join together to accomplish

some unlawful purpose. It is a kind of partnership in crime in which each member

becomes the agent of every other member.

The government must prove that the conspiracy came into existence during

or reasonably near the period of time charged in the Superseding Indictment and

the defendant knowingly joined in the conspiracy within or reasonably near the

same time period.

A conspiracy may exist even if a conspirator does not agree to commit or

facilitate each and every part of the substantive offense. The partners in a criminal

plan must agree to pursue the same criminal objective and may divide up the work,

yet each is responsible for the acts of each other.

The essence of the crime of conspiracy is an agreement to commit a criminal

act. But there does not have to be evidence that the agreement was specific or

explicit. By its very nature, a conspiracy is clandestine and covert, thereby

frequently resulting in little direct evidence of such an agreement. Therefore, the

government may prove a conspiracy by circumstantial evidence. Circumstantial

evidence tending to prove a conspiracy may consist of a defendant's relationship

with other members of the conspiracy, the length of the association, the

defendant's attitude and conduct, and the nature of the conspiracy.

## Instruction No. 33

The second and third elements of the crime of conspiracy are that the defendant knew the purposes of the conspiracy and, with knowledge of those purposes, deliberately joined the conspiracy.

One may be a member of a conspiracy without knowing the full scope of the conspiracy, or all of its members, and without taking part in the full range of its activities or over the whole period of its existence. The conspiracy does not need a discrete, identifiable organizational structure. The fact that a conspiracy is loosely-knit, haphazard, or ill-conceived does not render it any less a conspiracy. The government need not prove that the defendant knew the particulars of the conspiracy or all of his co-conspirators. It is sufficient if the defendant played only a minor part in the conspiracy. Thus, a variety of conduct can constitute participation in a conspiracy. Moreover, a defendant may change his role in the conspiracy.

Once it has been shown that a conspiracy exists, the evidence need only establish a slight connection between the defendant and the conspiracy. The government must produce evidence to prove the defendant's connection beyond a reasonable doubt, but the connection itself may be slight, because the defendant does not need to know all of his co-conspirators, understand the reach of the conspiracy, participate in all the enterprises of the conspiracy, or have joined the

conspiracy from its inception. Presence at the scene of criminal activity is material and probative in the totality of the circumstances in determining the defendant's participation in the conspiracy. Mere presence alone is not sufficient to prove participation in the conspiracy, but proof beyond a reasonable doubt of presence coupled with an act that advances the conspiracy is sufficient to establish participation in the conspiracy.

The statements and actions of an alleged co-conspirator may be considered in determining the existence of the conspiracy. The jury may find knowledge and voluntary participation from evidence of presence when the presence is such that it would be unreasonable for anyone other than a knowledgeable participant in the conspiracy to be present.

## Instruction No. 34

The fourth element of the crime of conspiracy is that at some time during the existence or life of the conspiracy, agreement, or understanding, one of its alleged members knowingly performed an overt act and did so in order to further or advance the purpose of the agreement. An overt act is any act, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy. Each conspirator is liable for overt acts of every other conspirator done in furtherance of the conspiracy, whether the acts occurred before or after he joined the conspiracy.

## Instruction No. 35

The crimes that the defendant allegedly agreed to commit—bribery concerning programs receiving federal funds and honest-services mail and wire fraud—are known as the "objects" of the conspiracy. You must unanimously agree that the conspiracy had at least one of these alleged objects, and you must unanimously agree as to which object the government has proved beyond a reasonable doubt. The government is not required to prove more than one of the objects charged.

## Instruction No. 36

Count Two charges that the defendant committed honest-services mail fraud through bribery. Specifically, Count Two charges that on or about August 17, 2020, in advancing, or furthering, or carrying out the scheme to defraud, a copy of the Order Granting Request for Restoration of Firearms in the matter of In re: Rick Tariq Rahim, Case No. 19-L-1242, was mailed by the Culpeper County Circuit Court Clerk's Office to the Virginia State Police.

To sustain its burden of proof as to Count Two, the government must prove the following four elements beyond a reasonable doubt:

*First*, that the defendant knowingly devised or participated in a scheme to defraud the public of its right to the honest services of a public official through bribery, as charged in Count Two;

*Second*, that the scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense, or concealment of material fact;

*Third*, that the defendant did so knowingly and with the intent to defraud; and

*Fourth*, that in advancing, or furthering, or carrying out the scheme to defraud, the defendant used the mails or an interstate carrier or caused the mails or an interstate carrier to be used.

## Instruction No. 37

Counts Three through Five charge that the defendant committed honest-services wire fraud through bribery. To prove Counts Three through Five, the government must prove the following four elements beyond a reasonable doubt:

*First*, that the defendant knowingly devised or participated in a scheme to defraud the public of its right to the honest services of a public official through bribery, as charged in Counts Three through Five;

*Second*, that the scheme or artifice to defraud involved a material misrepresentation, false statement, false pretense, or concealment of material fact;

*Third*, that the defendant did so knowingly and with the intent to defraud; and

*Fourth*, that in advancing, or furthering, or carrying out this scheme to defraud, the defendant transmitted, or caused to be transmitted, any writing, signal, or sound by means of a wire communication in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire communication in interstate commerce.

## Instruction No. 38

As to the fourth element of honest-services wire fraud, Counts Three

through Five charge that, in advancing, or furthering, or carrying out this scheme

to defraud, the following writings, signals, or sounds by means of a wire

communication were transmitted or caused to be transmitted in interstate

commerce:

| Count | Approximate Date | Description |
|---|---|---|
| 3 | July 7, 2020 | Text message from Jenkins to Rahim stating, "New judge hasn't done any that just sign off and weren't on court docket. Wants to talk to Paul about it for now and for future procedures. Good thing is that he didn't seem too concerned about sliding one in during the judicial emergency period. . I'm headed over to catch Paul" |
| 4 | January 4, 2023 | Text message from Jenkins to Rychlik stating, "See you little later this morning" |
| 5 | October 7, 2022 | Deposit of Check No. 45898, in the amount of $5,000, drawn on Virginia National Bank account No. -701, held in the name of Yona Systems Group, into Blue Ridge Bank account No. -133, held in the name of Scott Jenkins for Sheriff |

## Instruction No. 39

Each use of the mails and each transmission by wire communication in

interstate commerce to advance, or to further, or to carry out the scheme or plan to

defraud is a separate violation of the mail or wire fraud statutes.

**Instruction No. 40**

The first element of both honest-services mail fraud, charged in Count Two, and honest-services wire fraud, charged in Counts Three through Five is that the defendant knowingly devised or participated in a scheme to defraud the public of its right to a public official's honest services through bribery.

A scheme is any plan or course of action formed with the intent to accomplish some purpose. Thus, the government must prove beyond a reasonable doubt that the defendant devised or participated in a plan or course of action involving bribes given or offered to a public official or solicited or accepted by a public official.

It is not necessary for the government to prove that the defendant was actually successful in defrauding anyone. An unsuccessful scheme or plan to defraud is as illegal as a scheme or plan that is ultimately successful.

## Instruction No. 41

Public officials, such as Sheriffs, owe a duty of honesty and loyalty to act in the public's interest, not for that official's own enrichment. When a public official devises or participates in a bribery scheme, that official defrauds the public of its right to the official's honest, faithful, and disinterested services.

## Instruction No. 42

The term "bribery" for purposes of Counts Two through Five involves the

exchange of a thing of value for official action by a public official.  Bribery

involves a quid pro quo, meaning "this for that" or "these for those."  Bribery also

includes offers and solicitations of things of value in exchange for official action;

that is, for a public official, bribery includes the public official's solicitation or

agreement to accept the thing of value in exchange for official action, whether or

not the payor actually provides the thing of value and whether or not the public

official ultimately performs the requested official action or intends to do so.

Where the thing or things of value solicited or received by a public official

are something other than a campaign contribution, the government must prove a

quid pro quo, or a solicitation or agreement to engage in a quid pro quo.

Where the thing or things of value solicited or received by a public official

are the payment of campaign contributions, the government must further prove a

meeting of the minds on the explicit quid pro quo.  This means that the government

must prove that the payments are made in return for an explicit promise or

understanding by the official to perform or not to perform one or more specific

official acts.

While the quid pro quo for a campaign contribution must be explicit, it does

not have to be express.  Political contributions may be the subject of an illegal

bribe even if the terms are not formalized in writing or spoken out loud. "Explicit"
refers not to the form of the agreement between the payor and the public official
but the degree to which the payor and public official were aware of its terms. The
public official and the payor need not state the quid pro quo in express terms, for
otherwise the law's effect could be frustrated by knowing winks and nods.

Rather, the intent to exchange may be established by circumstantial
evidence, based on the defendant's words, conduct, acts, and all surrounding
circumstances disclosed by the evidence and the rational or logical inferences that
may be drawn from them.

## Instruction No. 43

Bribery involves the exchange of a thing of value for official action by a public official. The term "official act" means any decision or action on any question or matter, which may at any time be pending, or which may by law be brought before any public official, in such public official's official capacity, or in such official's place of trust or profit. This has two parts to it.

First, the question or matter must be specific and focused and involve a formal exercise of governmental power.

Second, the public official must make, or agree to make, a decision or take or agree to take an action on that question or matter. A decision or action on a qualifying step for a question or matter is an official act. An official act also includes a public official exerting pressure on another official to perform an official act or providing advice to another official knowing or intending that such advice will form the basis of an official act by another official.

Setting up a meeting, hosting an event, or talking to another official, without more, does not qualify as a decision or action on a question or matter. Simply expressing support at a meeting, event, or call, or sending a subordinate to such a meeting, event, or call similarly does not qualify as a decision or action on a question or matter, as long as the official does not intend to exert pressure on another official or provide advice, knowing or intending such advice to form the

basis for an official act. You may, however, consider evidence that a public

official set up a meeting, hosted an event, talked to another official, expressed

support, or sent a subordinate as evidence of an agreement to take an official act.

You may consider all the evidence in this case, including the nature of the

transaction, in determining whether the conduct involved an official act.

**Instruction No. 44**

Because people rarely act for a single purpose, a public official need not

have solicited or accepted the thing of value only in exchange for the performance

of official action. If you find beyond a reasonable doubt that a public official

solicited or received a thing of value at least in part in exchange for the

performance of official action, then it makes no difference that the public official

may also have had another lawful motive for soliciting or accepting the thing of

value.

## Instruction No. 45

The government also need not prove that the thing of value caused the public official to change his position. It is not a defense to claim that a public official would have lawfully performed the official action in question anyway, regardless of the bribe. It is also not a defense that the official action was actually lawful, desirable, or even beneficial to the public. The offense of honest services fraud is not concerned with the wisdom or results of the public official's decisions or actions but, rather, with the manner in which the public official makes his decisions or takes his actions.



**Instruction No. 46**

The second element of both honest-services mail fraud, charged in Count

Two, and honest-services wire fraud, charged in Counts Three through Five, is that

the scheme or artifice to defraud involved a false or fraudulent statement,

representation, promise or pretense that is material or the concealment of a material

fact.

A statement, representation, promise, pretense, or concealed fact is material

if it has a natural tendency to influence or is capable of influencing the decision of

the public or entity to which it is addressed. The government can prove materiality

in either of two ways.

First, a statement, representation, promise, pretense, or concealed fact is

material if a reasonable person would attach importance to its existence or

nonexistence in deciding how or whether to act in the transaction in question.

Second, a statement, representation, promise, pretense, or concealed fact

could be material, even though only an unreasonable person would rely on it, if the

person who made the statement or concealed the fact knew or had reason to know

his or her victim was likely to rely on it.

In determining materiality, you should consider that naivety, carelessness,

negligence, or stupidity of a victim does not excuse criminal conduct, if any, on the

part of the defendant.

## Instruction No. 47

The third element of both honest-services mail fraud, charged in Count Two, and honest-services wire fraud, charged in Counts Three through Five, is that the defendant participated in the scheme knowingly and with the intent to defraud.

The defendant acts with "intent to defraud" if he acts knowingly and with the specific intent to deceive for the purpose of depriving the public and the government of their right to a public official's honest services. The deceit may consist of the concealment of the things of value that the public official has solicited or received, or the public official's implicit false pretense to his government employer that the official has not accepted things of value in return for official action.

## Instruction No. 48

The fourth element of honest-services mail fraud, charged in Count Two, is use of the United States mails or an interstate carrier.

The government must prove beyond a reasonable doubt, however, that the mails or an interstate carrier were, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud. The government must also prove that the use of the mails or the interstate carrier would follow in the ordinary course of business or events or that the use of the mails or the interstate carrier by someone was reasonably foreseeable.

The government is not required to prove that the defendant actually mailed anything or that the defendant even intended that the mails would be used to further, or to advance, or to carry out the scheme or plan to defraud.

Nor is it necessary for the government to prove that the item itself mailed was false or fraudulent or contained any false or fraudulent statement, representation, or promise, or contained any request for money or thing of value. The government must prove beyond a reasonable doubt, however, that the use of the mails or use of the interstate carrier furthered, or advanced, or carried out, in some way, the scheme or plan to defraud.

**Instruction No. 49**

The fourth element of honest-services wire fraud, charged in Counts Three through Five, is use of a wire communication facility in interstate commerce.

The government must prove beyond a reasonable doubt, however, that a transmission by a wire communication facility in interstate commerce was, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud. The government must also prove that the use of the wire communication in interstate commerce would follow in the ordinary course of business or events or that the use of the wire communication facility in interstate commerce by someone was reasonably foreseeable.

The government need not prove that the defendant actually used a wire communication in interstate commerce or that the defendant even intended that anything be transmitted in interstate commerce by means of a wire communication to further, or to advance, or to carry out the scheme or plan to defraud.

Nor is it necessary for the government to prove that the information transmitted by means of wire communication in interstate commerce itself was false or fraudulent or contained any false or fraudulent pretense, representation, or promise.

The government must prove beyond a reasonable doubt, however, that the use of the wire communication in interstate commerce furthered, or advanced, or carried out, in some way, the scheme or plan to defraud.

**Instruction No. 50**

Counts Six through Twelve charge that in the Western District of Virginia

and elsewhere, the defendant, Scott Howard Jenkins, being an agent of Culpeper

County or the Culpeper County Sheriff's Office, a local government and an agency

thereof both of which received benefits exceeding $10,000 under federal programs

involving any form of federal assistance in the relevant fiscal years ending on June

30, 2019, June 30, 2020, June 30, 2021, June 30, 2022, or June 30, 2023, did

corruptly solicit or demand for his own benefit or did accept or did agree to accept

things of value from the persons specified below, intending to be influenced or

rewarded in connection with the specific business, transaction, or series of

transactions of Culpeper County or the Culpeper County Sheriff's Office involving

something of value of $5,000 and more described below, in violation of 18 U.S.C.

§ 666:

- Count Six charges that from in or around July 2019 through in or
  around May 2021, Scott Howard Jenkins did corruptly solicit or
  demand for his own benefit or did accept or agree to accept
  approximately $25,000 from Rick Rahim for the appointment of Rick
  Rahim as an Auxiliary Deputy Sheriff or Rick Rahim's petition to
  restore his firearms rights.

- Count Seven charges that from in or around April 2019 through in or around March 2020, Scott Howard Jenkins did corruptly solicit or demand for his own benefit or did accept or agree to accept approximately $20,000 from Fredric Gumbinner for the appointment of Fredric Gumbinner as an Auxiliary Deputy Sheriff.

- Count Eight charges that from in or around August 2022 through in or around September 2022, Scott Howard Jenkins did corruptly solicit or demand for his own benefit or did accept or agree to accept approximately $5,000 from James Metcalf for the appointment of James Metcalf as an Auxiliary Deputy Sheriff.

- Count Nine charges that from in or around September 2022 through in or around October 2022, Scott Howard Jenkins did corruptly solicit or demand for his own benefit or did accept or agree to accept $5,000 from Thomas Cooper for the appointment of Thomas Cooper as an Auxiliary Deputy Sheriff.

- Count Ten charges that from in or around October 2022 through in or around November 2022, Scott Howard Jenkins did corruptly solicit or demand for his own benefit or did accept or agree to accept $5,000 from Undercover Agent 1 ("Jerry McKee") for the appointment of Undercover Agent 1 as an Auxiliary Deputy Sheriff.

- Count Eleven charges that from in or around November 2022 through in or around December 2022, Scott Howard Jenkins did corruptly solicit or demand for his own benefit or did accept or agree to accept $10,000 from Undercover Agent 2 ("Mike") for the appointment of Undercover Agent 2 as an Auxiliary Deputy Sheriff.

- Count Twelve charges that from in or around September 2022 through in or around December 2022, Scott Howard Jenkins did corruptly solicit or demand for his own benefit or did accept or agree to accept approximately $5,000 from Philip Howell for the appointment of Philip Howell as an Auxiliary Deputy Sheriff.

**Instruction No. 51**

To prove the crime of bribery concerning programs receiving federal funds

as charged in Counts Six through Twelve, the government must prove the

following five essential elements beyond a reasonable doubt.

*First*, that the defendant was, at the time alleged, an agent of any local

government or agency that received, in any one-year period that includes the

commission of the offense, benefits in excess of $10,000 under a Federal program

involving any form of Federal assistance. The parties have stipulated that both

Culpeper County, a local government, and the Culpeper County Sheriff's Office,

an agency thereof, received benefits in excess of $10,000 under one or more

Federal programs in the fiscal years ending on June 30, 2019, June 30, 2020, June

30, 2021, June 30, 2022, or June 30, 2023.

*Second*, that the defendant solicited or demanded for the benefit of any

person, or accepted or agreed to accept, anything of value from any person.

*Third*, that the defendant intended to be influenced or rewarded in

connection with any business, transaction, or series of transactions of the local

government or agency involving anything of value of $5,000 or more; and

*Fourth*, that the defendant did so corruptly.

## Instruction No. 52

"Agent" means a person authorized to act on behalf of another person or a government and, in the case of an organization or government, includes a servant or employee, and a partner, director, officer, manager, and representative.

**Instruction No. 53**

The phrase business or transaction or series of transactions refers to the

business of the covered entity, here, Culpeper County or the Culpeper County

Sheriff's Office. The business, transaction, or series of transactions must be a

discrete, actionable item under the purview of the covered entity.  It cannot be

something as general as broad policy matters relevant to the covered entity.  The

terms "business" and "transaction" do not include a typical meeting, call, or event,

without more.

The following actions performed or agreed to be performed by the public

official, without more, are not sufficient to establish a violation of 18 U.S.C. § 666:

setting up a meeting, hosting an event, talking to another official, sending a

subordinate to a meeting, or simply expressing support for a constituent. You may,

however, consider evidence that a public official took those actions as evidence of

a corrupt agreement, and the government may satisfy its burden by proving that the

public official took those actions in order to exert pressure on another official or to

provide advice to another official, knowing or intending such advice to form the

basis for action by that official. You may consider all of the evidence in the case,

including the nature of the transaction, in determining whether the conduct

constituted a violation of the statute.

## Instruction No. 54

The government must prove that the value of the business, transaction, or series of transactions at issue was $5,000 or more. You may consider the value of the alleged bribe as evidence of the value of the business, transaction, or series of transactions. However, you must still find that the value of the business, transaction, or series of transactions itself was $5,000 or more, and you may use any evidence in the case in determining value.

## Instruction No. 55

The government does not have to prove that federal funds were involved in

the bribery transaction, or that the bribe had any particular influence on federal

funds.

### Instruction No. 56

An act is done corruptly if it is done with the intent to engage in some more or less specific *quid pro quo*, that is, to give a specific benefit in return for a payment, or to be induced to commit a specific act.

A payment is solicited, demanded, accepted, or agreed to be accepted with corrupt intent only if it was done with the intent to be corrupted. Not every payment made to influence or reward an official is made with intent to be corrupted. One has the intent to be corrupted only if he solicits, demands, accepts, or agrees to accept a payment with the intent to engage in a fairly specific *quid pro quo* with the payor. The defendant must have intended to engage in some specific act or omission or course of action or inaction in return for the payment charged in the superseding indictment. Where the thing or things of value solicited or received by a public official are the payment of campaign contributions, the government must further prove a meeting of the minds on the explicit *quid pro quo*.

## Instruction No. 57

To influence means that a payment was made before the official action. To reward means that a payment was made afterwards. Payments made to influence official action and to reward official action are both prohibited, but payments made without corrupt intent are not criminal acts.

Payments made with no more than some generalized hope or expectation of ultimate benefit on the part of the donor, sometimes referred to as goodwill gifts, are not bribes, since they are not made with the intent to engage in a relatively specific *quid pro quo* with an official.