UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:23-cr-00011 |
| | ) | |
| SCOTT HOWARD JENKINS | ) | |

## UNITED STATES' MOTION FOR MONEY JUDGMENT ORDER OF FORFEITURE

Pursuant to Fed. R. Crim. P. 32.2(b), the Government respectfully requests that this Court enter a money judgment order of forfeiture against defendant Scott Howard Jenkins in the amount of $65,000, representing the proceeds of the offenses for which Jenkins was convicted.

## DISCUSSION

I.    **Law Governing Forfeiture Proceedings**

Forfeiture is governed by 18 U.S.C. § 981 and 21 U.S.C. § 2461(c), as well as by Rule 32.2 of the Federal Rules of Criminal Procedure. Section 981(a)(1)(C) provides that "[a]ny property . . . which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such an offense" is "subject to forfeiture to the United States." 18 U.S.C. § 981(a)(1)(C). "Specified unlawful activity" includes the offenses of conviction here: mail and wire fraud, *see* 18 U.S.C. §§ 1956(c)(7)(A) & 1961(1), and federal programs bribery, *see* 18 U.S.C. § 1956(c)(7)(D). The statute defines "proceeds" to include "property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture, and any property traceable thereto." 18 U.S.C. § 981(a)(2).

The Government bears the burden to prove, by a preponderance of evidence, that a specific amount of money is subject to forfeiture as the proceeds of a crime. *See United States v. Tanner*,

61 F.3d 231, 234–35 (4th Cir. 1995).  The Court's determination on forfeiture may be based on evidence already in the record and on any additional evidence or information the parties submitted by the parties.  *See* Fed. R. Crim. P. 32.2(b)(1)(B).  The Federal Rules of Evidence do not apply and the Government may rely upon hearsay to the same extent as any other aspect of sentencing. *See, e.g.*, *United States v. Ivanchukov*, 405 F. Supp. 2d 708, 709 n.1 (E.D. Va. 2005); *see also United States v. Ali*, 619 F.3d 713, 720 (7th Cir. 2010).

Once the Government has met its burden, forfeiture is mandatory.  Under the statute, "[i]f the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case."  18 U.S.C. § 2461; *see also United States v. Monsanto,* 491 U.S. 600, 607 (1989) (determining that "Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied…").

## II.    Procedural History

On June 12, 2024, a federal grand jury sitting in the Western District of Virginia returned a twelve count Superseding Indictment, charging defendant Scott Jenkins with conspiracy to commit honest-services mail and wire fraud and bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 371, honest-services mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343 & 1346, and bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(B).  The Superseding Indictment included a forfeiture allegation pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).  On December 18, 2024, a jury found Jenkins guilty on all counts.

After Jenkins was found guilty, the jury determined that $10,000 seized from a Blue Ridge Bank account held in the name of Scott Jenkins for Sheriff was traceable to Counts One through Five

and Counts Eight and Nine.  *See* ECF No. 272.  The Court entered a preliminary order of forfeiture related to these funds, which will become final as to Jenkins at sentencing.  *See* ECF No. 305.

### III.    Factual Basis for Money Judgment

The trial evidence established that Jenkins accepted a total of $75,000 in bribes in connection with the charged offenses.  *See* United States' Sentencing Memorandum, ECF No. 298, at 2–8.  The following table summarizes the bribes charged in the Superseding Indictment:

| Date | Bribe Payor | Amount | Source |
|---|---|---|---|
| 7/31/2019 | Rick Rahim | $15,000 | G805 |
| 9/19/2019 | Rick Rahim | $10,000 | G805 |
| 10/2/2019 | Fred Gumbinner | $20,000 | G805 |
| 9/7/2022 | James Metcalf | $5,000 | G805 |
| 10/26/2022 | Tom Cooper | $5,000 | G805 |
| 11/14/2022 | UC-1 ("Jerry McKee") | $5,000 | G805 |
| 12/28/2022 | UC-2 ("Mike") | $10,000 | G805 |
| 12/29/2022 | Philip Howell | $5,000 | G805 |
|  | **TOTAL** | **$75,000** |  |

The $10,000 seized from Scott Jenkins for Sheriff's bank account represented the proceeds of the Metcalf and Cooper bribes.  *See* 12/17/24 Tr. at 136:8–138:7 (Medearis).  The remaining bribes, which were paid in cash, totaled $65,000.  Thus, the Government requests that the Court enter a money judgment order of forfeiture in the amount of $65,000.

### CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court enter a money judgment against Scott Jenkins in the amount of $65,000 to reflect proceeds of the offenses of conviction.

Respectfully submitted,

ZACHARY T. LEE
ACTING UNITED STATES ATTORNEY

By: */s/Melanie Smith*
     MELANIE SMITH
     VA Bar No. 82663
     Assistant United States Attorney
     255 West Main Street, Room 130
     Charlottesville, VA 22902
     (434) 293-3180
     melanie.smith@usdoj.gov

By: */s/ Celia Choy*
     CELIA CHOY
     DC Bar No. 1017211
     LINA PENG
     NY Bar No. 5150032
     Trial Attorneys
     U.S. Department of Justice
     Public Integrity Section
     1301 New York Ave. NW, 10th Floor
     Washington, DC 20530
     (202) 514-1412
     celia.choy@usdoj.gov
     lina.peng@usdoj.gov

6