# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION
## CRIMINAL MINUTES – SENTENCING HEARING

**Case No.: 3:23cr11**                             **Date: 3/21/2025**

**Defendant: Scott Howard Jenkins, bond**          **Counsel: Philip Andonian, retained**

**PRESENT**:
- Judge: Robert S. Ballou
- Deputy Clerk: Kelly Brown
- Court Reporter: Lisa Blair
- U. S. Attorney: Celia Choy, Melanie Smith, Lina Peng
- USPO: Angela George
- Case Agent: Scott Medearis, Andrew Clouser--FBI

**TIME IN COURT**: 9:05-11:07, TOTAL: 2 hrs 2 min

**PROCEEDINGS:**

- ☒ Court inquires as to Objection(s) to Presentence Report made by ☒ USA   Argument on obstruction enhancement and acceptance of responsibility.
  - ☒ Court overrules Objection(s) for reasons stated on the record.
- ☒ No evidence presented.
- ☒ Argument.
- ☒ Court adopts Presentence Report.
- ☒ Defendant Motion for Downward Departure/Variance.
  - ☒ Court grants.   ☐ Court denies.
- ☒ Allocutions. Deft declines and has been advised to not make any statements due to appeal.

**SENTENCE IMPOSED AS FOLLOWS**:
CBOP:   Ct 1-60 months, Cts. 2, 3-5, 6-12-120 months each to run concurrent with Ct. 1;
SR:     3 years for each count to run concurrently - comply w/Standard, Mandatory & Special Conditions.
        ☐ Mandatory drug testing suspended.
SA:     $1,200.00 due immediately.
FINE:   $600.00
Forfeiture Judgment: $65,000.00 with credit given for the $10,000.00 that has already been given.

**COURT RECOMMENDS AS FOLLOWS**:
- ☒ That Defendant be designated to the facility most reasonably close to his home considering his medical conditions, and consistent with his security classification.

**MANDATORY CONDITIONS OF SUPERVISION**:
1. You must not commit another federal, state, or local crime.
2. If applicable, you must make restitution in accordance with sections 3663 and 3663A, or any other statute authorizing a sentence of restitution.
3. You must not unlawfully possess a controlled substance.
4. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the

5. court. If applicable, this drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
5. You must cooperate in the collection of DNA as directed by the probation officer.
6. If applicable, you must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense.
7. If applicable, you must participate in an approved program for domestic violence.

**STANDARD CONDITIONS OF SUPERVISION**:
1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of the change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. You must follow the instructions of the probation officer related to the conditions of supervision.

**SPECIAL CONDITIONS OF SUPERVISION** (Check applicable conditions):

☒ The defendant shall pay any special assessment, fine, and/or restitution that is imposed by this judgment. Any unpaid monetary commitment (special assessment, fine, restitution) should be paid in equal monthly installments of $200 during the term of supervised release, to commence 60 days after release from imprisonment.

☒ Following release from imprisonment, the court will evaluate defendant's status and determine whether, after incarceration, drug rehabilitation and/or mental health treatment is necessary and appropriate. If additional rehabilitation is deemed appropriate, the defendant shall participate in a program as designated by the court, upon consultation with the probation officer, until such time as the defendant has satisfied all the requirements of the program.

☒ The defendant shall reside in a residence free of firearms, ammunition, destructive devices, and dangerous weapons.

**PAYMENT SCHEDULE**:
☒ A lump sum payment of $1,200.00 is due immediately, and during the term of imprisonment, payment in equal monthly installments of $25.00 or 25% of the defendant's income, whichever is lesser, to commence 60 days after the date of this judgment; and payment in equal monthly installments of $200.00 during the term of supervised release, to commence 60 days after release from imprisonment.

**ADDITIONAL RULINGS**:
☒ Defendant shall forfeit his interest in the property listed in the Order of Forfeiture entered on (Date).
☒ Order of Forfeiture shall be made a part of the judgment in this case.
☒ Count(s) 13, 14, 15, 16 dismissed on Government Motion.
☒ Defendant advised of right to appeal.
☒ Defendant to remain on bond and self report:

☐ to the U. S. Marshal no later than (time) on (date).
☒ to the institution designated by the Bureau of Prisons as directed by the U. S. Marshal.
☐ to the institution designated by the Bureau of Prisons as directed by the U. S. Probation Office.

**Additional Information**:
Parties present and represented by counsel.
Deft remains satisfied with the advice and representation of his counsel.
No objection from deft for Court entering final Order of Forfeiture and Money Judgment.
Fine is below guideline due to the non-ability to pay.
Government moves to dismiss the initial indictment in this matter. Court grants.
Government moves for immediate detention/remand. Deft requests to be allowed to self report. Court denies Gov motion and will allow deft to self report. Deft requests 90 days to report. Court denies.
Court addresses defendant.
Adjourned.